# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **OHIOANS AGAINST** | : | **Case No. 2:19-CV-4466** |
| **CORPORATE BAILOUTS, LLC,** *et al*, | : | |
| | : | **Judge Sargus** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK LAROSE,** *et al*, | : | |
| | : | |
| **Defendants.** | : | |

---

## DECLARATION OF DOUGLAS GRAY

---

Pursuant to 28 U.S.C. § 1746, I, **DOUGLAS GRAY,** hereby declare as follows:

1.   I am over 18 years of age and have personal knowledge of the facts stated herein.

2.   Currently, I am involved in the effort in Ohio to circulate petitions in order to subject portions of H.B. 6 to referendum.

3.   Prior to engaging in any such efforts, I completed an Ohio Secretary of State Form 15.

4.   On the Form 15, I disclosed not only my name but my cell phone number.

5.   On October 9, 2019, I received an unsolicited text message on my cell phone from the phone number indicated as (252) 404-2197 and the person identifying himself as Marcus with Ohioans for Energy Security, suggesting that, if I was still in Ohio, he "might have an opportunity that would interest" me.

6.   I engaged in a short exchange with Marcus regarding the "opportunity."

7.   A true and accurate copy of the text exchange taken by a screen shot of my phone follows:




8.   In the evening of October 9, 2019, I received a phone call from (252) 404-2197, the same number Marcus had been texting me from.  The caller identified himself as Marcus Johnson.  I recorded the ensuing phone conversation between myself and Marcus, a true and accurate digital copy of the which is provided herewith as Exhibit.

9.   During the phone conversation between myself and Marcus, Marcus volunteered that he obtained my contact information via the Form 15.

10.  During the phone conversation between myself and Marcus, Marcus explained the "opportunity" referred to in his text message as follows:  I would be paid a "retainer" of $2,500 to stop petitioning and leave the state of Ohio and Ohioans for Energy Security would pay for the

plane fare for me to return to my home state (which is Oregon) or anywhere in the continental United States; the $2,500 payment would be paid in two payments: the first half would be wired to me upon receipt of a signed contract and the second half would be wired to me upon my landing in my home state; Ohioans for Energy Security would track that the plane ticket was actually used before wiring the second half of the payment as Ohioans for Energy Security would purchase that ticket itself; the service that I was to provide in return for the payment and plane ticket would be to stop assisting in the petition effort and leaving the State of Ohio for the next three weeks; and this was purely in an effort to frustrate the effort to subject H.B. 6 to referendum.

11. On October 10, 2019, I continued the text exchange with Marcus asking him to send me the paperwork for the opportunity. A true and accurate copy of that text exchange taken by a screen shot of my phone follows:



12. On October 10, 2019, I received a follow up phone call from Marcus. I recorded this telephone call. A true and accurate recording of this phone call is provided herewith as an Exhibit.

13. During the October 10, 2019 phone call between myself and Marcus, Marcus indicated that he had obtained all of my information, my name, cell phone, email address, and home address, from the Form 15 that I had on file with the Ohio Secretary of State. Marcus also indicated that he would send me a contract and that other people circulating petitions to referendum H.B. 6 had accepted the same offer he was making to me.

14. Shortly after the October 10, 2019 phone call, I received an email from Marcus that included a copy of the contract and tax form, as he had said he would be sending. A true and accurate copy of the email is attached below as an Exhibit hereto.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of October 2019.

**EXHIBIT**

Electronic versions of the recordings identified in paragraphs 8 and 12 will be manually filed with the Office of the Clerk of Court.

**EXHIBIT**

A true and accurate copy of the contract sent to me by Marcus on October 10, 2019 is contained in the following pages.

**PETITION AGREEMENT**

This AGREEMENT is entered into by and between Ohioans for Energy Security LLC, an Ohio limited liability company ("Ohioans for Energy Security"), and Douglas Gray a (Michigan) sole proprietor.

WHEREAS, Ohioans for Energy Security and DOUGLAS GRAY desire to enter into an Agreement for DOUGLAS GRAY to assist through the provision of the Service, as stated in Section 2, to Ohioans for Energy Security;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, Ohioans for Energy Security and DOUGLAS GRAY (individually, a "Party"; collectively the "Parties") hereby agree as follows:

1.TERM.  The term of this Agreement shall be for the period beginning October 10, 2019 and ending December 31, 2019 (the "Term"), unless the Agreement is terminated earlier as provided in Section 6, below.

2.SERVICES.  DOUGLAS GRAY will provide statewide ballot issue advice and expert consultation on Ohio statewide ballot measures and the associated petition circulation and signature collection matters related to the referendum of HB 6 related issues, which occurs within a 90 day period upon enactment HB 6.

3.EXCLUSIVE ENGAGEMENT. Except as otherwise provided in this Agreement, during the Term of this Agreement, and subject to the survival of certain rights and duties set forth in this Agreement, DOUGLAS GRAY. (including its parent, subsidiaries, affiliates, agencies, members, officers,  directors, shareholders, employees, contractors, and all related entities in which DOUGLAS GRAY or its  principals have any interest whatsoever), will not, directly or indirectly, for the benefit of DOUGLAS GRAY or  others or to the detriment of  Ohioans for Energy Security, engage in any work, render any service, share any  knowledge or information, or otherwise perform any act that concerns, relates, pertains to, or  may affect the Services being performed by  Ohioans for Energy Security, including, without  limitation, any matter where DOUGLAS GRAY is requested to represent interests directly adverse to Ohioans for Energy Security's interests in matters that are related to the Services or related to any and all current and/or future  statewide petition and ballot initiatives that are directly adverse to Ohioans for Energy Security or its members,  without  Ohioans for Energy Security's prior written consent.

4.      COMPENSATION. In consideration for the Services to be provided by DOUGLAS GRAY to Ohioans for Energy Security and the additional obligations and restrictions imposed upon DOUGLAS GRAY under this Agreement,

Client will pay DOUGLAS GRAY:

      a.      a retainer in the amount of $2,500 (the "Retainer"), which will be paid as

follows: One half (50%) immediately upon execution of this Agreement and One half (50%) immediately following the fulfillment of initial instructions shared with you through additional conversations with a representative from Ohioans for Energy Security, and will be non-refundable, except as provided in  Section 6.b.ii; and

b.       $50 per hour for all time spent by DOUGLAS GRAY providing advice and consultation to Ohioans for Energy Security, provided that such advice and consultation has been performed at Client's written  request. DOUGLAS GRAY will send Ohioans for Energy Security monthly invoices for all time billed for the month, with time to be billed in quarter-hour increments. Ohioans for Energy Security will pay invoices within thirty days of receipt of same. If Ohioans for Energy Security has not requested advice and consultation in writing, DOUGLAS GRAY should not send an invoice and Ohioans for Energy Security is not obligated to pay DOUGLAS GRAY.

5.       CONFIDENTIALITY. DOUGLAS GRAY will not disclose, directly or indirectly, to any person not a party to this Agreement, any of the following: (a) the identity of GenNow; (b) that DOUGLAS GRAY has been engaged by the Ohioans for Energy Security to perform the Services described herein, or (c) the existence, terms, provisions, or conditions of this Agreement or the agreement with Ohioans for Energy Security.

6.       TERMINATION; RIGHTS AND REMEDIES.

a.       *Early Termination*.

i.       With the written consent of Ohioans for Energy Security, may terminate this Agreement for any reason, effective upon DOUGLAS GRAY receipt of written notice from .

ii.       With the written consent of Ohioans for Energy Security may terminate this Agreement for a failure to comply with any term or condition of this Agreement, effective upon Consultant's receipt of written notice from Client.

iii.       DOUGLAS GRAY may terminate this Agreement upon Ohioans for Energy Security's failure to cure a material breach of any term or condition of this Agreement within thirty days of Ohioans for Energy Security's receipt  of written notice from PF specifying such breach.

b.       *Rights and Remedies Upon Early Termination*.

i.       Subject to the survival of certain obligations set forth in Section 7 of this Agreement, upon the early termination of this Agreement under Section 6.a.i, the Parties will have no further liability or obligation under this Agreement; provided, however, that DOUGLAS GRAY will  be entitled to retain the non-refundable retainer in full and Ohioans for Energy Security will pay DOUGLAS GRAY any amounts that  are due DOUGLAS GRAY for

work performed under Section 3.b prior to the termination.

           ii.      In the event of a breach of this Agreement by Consultant, Ohioans for Energy Security may pursue all remedies, legal and equitable, for injunctive relief and all damages, costs, and expenses incurred as a result of the breach of this Agreement. Further, because the remedy at law for any breach of this Agreement by DOUGLAS GRAY may be inadequate, and the damages flowing from such breach may not be readily susceptible to being measured in monetary terms, upon proof of DOUGLAS GRAY violation of any legally enforceable provision of this Agreement, Ohioans for Energy Security will be entitled to the following remedies: (1) preliminary and permanent injunctive relief enjoining DOUGLAS GRAY from further breaching the Agreement and a refund of the amount of the Retainer; or (ii) liquidated damages in the amount of three times the amount of the Retainer. PF will also pay all expenses and costs, including, but not limited to, reasonable attorney's fees incurred by the Ohioans for Energy Security in enforcing its rights under this Agreement and in seeking any remedy available to it as a result of the breach of this Agreement. Nothing in this Agreement may be deemed to limit the remedies at law or in equity herein. DOUGLAS GRAY acknowledges that it has carefully considered the nature and extent of the restrictions upon it and the rights and remedies conferred upon Ohioans for Energy Security in this Section, that the same are reasonable and are required to protect the legitimate interests of Ohioans for Energy Security, and do not confer a benefit upon Ohioans for Energy Security disproportionate to the detriment to DOUGLAS GRAY. Further, DOUGLAS GRAY waives any right it may have to raise as a defense that any of the remedies in this Section are excessive or punitive.

     7.      SURVIVAL. The rights, obligations, and duties set forth in Section 4 will survive the termination of this Agreement until December 31, 2019. The rights, obligations, and duties set forth in Section 5 will survive the termination of this Agreement, regardless of the timing of, or the reason for, the termination.

     8.      MISCELLANEOUS PROVISIONS.

    a.         *Expenses*. DOUGLAS GRAY will be responsible for all of its own expenses.

    b.     *Indemnification*. Each Party will indemnify, protect, defend, and hold harmless the other Party, its shareholders, directors, officers, employees, and agents, from and against any and all suits, claims, demands, liabilities, damages, expenses (including, but not limited to, reasonable attorney's fees), costs, and judgments of any nature whatsoever (collectively, "Losses") arising from or attributable to such Party's breach of this Agreement, and with respect to DOUGLAS GRAY only, the performance of the Services by DOUGLAS GRAY hereunder or the conduct of DOUGLAS GRAY in connection with this Agreement.

    c.     *Relationship Between the Parties*. DOUGLAS GRAY and Ohioans for Energy Security are independent contractors. Ohioans for Energy Security will not withhold any amount from its payments to DOUGLAS GRAY that would normally be withheld from an employee's pay. Ohioans for Energy Security will report the compensation paid to DOUGLAS

GRAY under this Agreement on IRS Form 1099. PF acknowledges that it will be responsible and hold Ohioans for Energy Security harmless for any and all taxes (local, state, or federal) that may be applicable to DOUGLAS GRAY or DOUGLAS GRAY's employees. DOUGLAS GRAY may not engage any independent contractor to fulfill any of DOUGLAS GRAY's obligations under this Agreement without prior written approval from Ohioans for Energy Security.

        d.      *Notices*. All notices, demands, requests, consents, approvals, or other communications (collectively and severally called "Notices") required or permitted to be given under this Agreement, or which are given with respect to this Agreement, will be in writing, and will be deemed duly given or made (i) upon delivery or refusal of such delivery of such notice by a recognized courier service or by certified U.S. Mail; (ii) upon personal delivery (which will be deemed to have been given upon delivery); or (iii) upon delivery by fax machine or electronic mail capable of confirming receipt, and in each case addressed as set forth as follows (or at such other address for a Party as shall be specified in a notice so given):

        If to Client:

        Generation Now
        c/o Jeff Longstreth
        Columbus, OH

        jefflongstreth@gmail.com

        Either Party may change the above information by delivering notice of the new information to the other Party under this provision.

        e.      *Compliance by Employees and Others*. DOUGLAS GRAY will ensure that its parent, subsidiaries, affiliates, agencies, members, officers, directors, shareholders, employees, contractors, and all related entities in which DOUGLAS GRAY or its principals have any interest whatsoever are aware of and comply with the provisions of this Agreement.

        f.      *Transfer and Assignment*. Client has the right to assign or transfer its rights and obligations under this Agreement without the consent of DOUGLAS GRAY. DOUGLAS GRAY may not assign or transfer its rights or obligations under this Agreement without the prior written consent of Ohioans for Energy Security.

        g.      *Binding on Successors/Third Party Beneficiary*. This Agreement is binding upon and will inure to the benefit of the heirs, successors, representatives, and assigns of the Parties, consistent with the terms herein. The Parties acknowledge and agree that Ohioans for Energy Security is an intended, third-party beneficiary of Consultant's rights, obligations, and duties set forth in this Agreement and that Ohioans for Energy Security, to obtain the remedies set forth in Section 6.b.ii.

h.      *Entire Agreement*. This Agreement is fully integrated and constitutes the Parties' entire understanding. It may only be modified by another written instrument, signed by the Parties, and it supersedes any prior negotiations, correspondence, promises, arrangements, and representations (oral or written), and no Party will be deemed to have relied upon prior communications.

i.      *Attorney's Fees*. Each Party will bear its own attorney's fees in connection with the preparation of this Agreement. In the event of any dispute arising out of, or related to, this Agreement, the prevailing Party will be entitled to recover its reasonable attorney's fees, in addition to any other legal or equitable relief to which such Party may be entitled.

j.      *Severability*. The provisions of this Agreement are severable. If any provision of this Agreement or the application thereof is held invalid, the invalidity will not affect the other provisions of this Agreement, provided that the material terms of this Agreement can be given their intended effect without the invalid provisions.

k.      *Waiver*. No waiver will be binding unless in writing and signed by the Party waiving the breach. No waiver of any breach of any term or provision of this Agreement will be construed to be, or will be, a waiver of any other breach of this Agreement.

l.      *Headings*. The headings, subheadings, and paragraph numbers contained within this Agreement are solely for the reference and the convenience of the reader. For purposes of contract interpretation, both Parties will be considered to have written this Agreement.

m.      *Execution of Agreement*. This Agreement may be executed in one or more counterparts, each of which will be an original and all of which constitute one and the same instrument.

n.      *Governing Law*. The laws of the State of Ohio will govern this Agreement, regardless of the laws that might be applicable under principles of conflicts of law. The Parties consent to the exclusive jurisdiction of the courts of the State of Ohio in Franklin County, and the United States District Court for the Southern District of Ohio, Eastern Division, relative to any dispute between them or between any of them and Ohioans for Energy Security. Each party waives any contention, objection, or right to assert that any such court lacks personal jurisdiction over them or that the court is an improper or inconvenient venue for any dispute arising out of this Agreement.

(Signatures on next page)

By affixing their signatures below, the undersigned represent that they are authorized to

sign this Agreement, acknowledge they have read and understand the terms set forth in this Agreement, and indicate their intent to be legally bound by and in accordance with the terms of this Agreement.

**Ohioans for Energy Security**

Ohioans for Energy Security
C/o Jeff Longstreth

2248 Buckley Rd
Columbus, OH 43220

By: _____

Name:_____

Title: _____

Date:_____

By:
NAME

Address of DOUGLAS GRAY
2745 Greentree Road
Lake Oswego, OR 97034

Phone of DOUGLAS GRAY
816-304-6261

Print name:  **DOUGLAS GRAY**

Title:  Independent Contractor

Date: 10/10/2019